Scott M. Pearson (SBN 173880)
pearsons@ballardspahr.com
Taylor Steinbacher (SBN 285335)
steinbachert@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4340
Facsimile: 424.204.4350

Attorneys for Defendant
  PROG LEASING LLC, DBA
  PROGRESSIVE FINANCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE PIERCE,<br><br>          Plaintiff,<br><br>  v.<br><br>PROG LEASING LLC, DBA PROGRESSIVE FINANCE<br><br>          Defendant. | Case No. 2:16-cv-06202<br><br>**NOTICE OF REMOVAL** |

DMEAST #26686873 v2

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Prog Leasing, LLC dba Progressive Finance ("Prog Leasing") hereby removes the action entitled *Maurice Pierce v. Prog Leasing LLC, dba Progressive Finance*, Case No. 16K08952 (the "Action"), from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.  In further support of this Notice of Removal, Prog Leasing states as follows:

### THE REMOVAL IS TIMELY

1. Plaintiff Maurice Pierce ("Pierce") served the summons and Complaint in the Action through Prog Leasing's agent for service of process on or about July 19, 2016.  The Complaint was the first pleading received by Prog Leasing, through service or otherwise, setting forth the claims for relief upon which the Action is based.  This Notice of Removal has been filed within the thirty-day timeframe and is therefore timely under 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings and orders served upon Prog Leasing is attached hereto as Exhibit A.

### PLAINTIFF'S CLAIM

2. According to Pierce, at various and multiple times in the year before filing the Complaint, Prog Leasing called his cellular telephone using an "automatic telephone dialing system" in an attempt to collect a debt.  *See* Compl., ¶¶ 4-10.  Based on Prog Leasing's alleged conduct, Pierce asserts claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and for violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").  Pierce seeks actual damages and statutory damages, among other things.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

## BASIS FOR REMOVAL

3. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any civil action commenced in state court is removable if it might have been originally brought in federal court. *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563-64, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) ("a district court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action.").

Here, a federal question is presented on the face of the Complaint because Pierce alleges that Prog Leasing violated the TCPA and the FDCPA, both of which are federal statutes.

A United States District Court is the proper forum to hear an action brought pursuant to the TCPA. *See* 47 U.S.C. § 227(g)(2) ("The district courts of the United States, the United States courts of any territory, and the District Court of the United States for the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection."). Similarly, a United States District Court is the proper forum to hear an action brought pursuant to the FDCPA. *See* 15 U.S.C § 1692k(d) ("An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.").

Accordingly, this action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441.

## SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367

4. This Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over any claims that are not independently removable, including Pierce's RFDCPA claim.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

# VENUE

5. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because the state court action was filed in Los Angeles County and it allegedly arises from events that took place there.

# NOTICE OF REMOVAL

6. A copy of this Notice of Removal is being concurrently filed with the Superior Court of the State of California for the County of Los Angeles and concurrently served on Pierce.

DATED: August 18, 2016            Respectfully submitted,

**BALLARD SPAHR LLP**
Scott M. Pearson
Taylor Steinbacher

By  */s/ Taylor Steinbacher*
                Taylor Steinbacher

Attorneys for Defendant
  PROG LEASING LLC, DBA
  PROGRESSIVE FINANCE

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909. On August 18, 2016, I served the within documents:

## NOTICE OF REMOVAL

- ☐ **BY FAX**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☐ **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☒ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

- ☐ **BY E-MAIL**: by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

- ☐ **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

- ☐ **BY PERSONAL DELIVERY**: by causing personal delivery by NATIONWIDE LEGAL, INC. of the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Todd M. Friedman (SBN 216752)<br>Adrian R. Bacon (SBN 280332)<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212<br>Phone: 877-206-4741<br>Fax: 866-633-0228<br>tfriedman@toddflaw.com<br>abacon@toddflaw.com | Attorneys for Plaintiff |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

DMEAST #26686873 v2

1

PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 18, 2016 at Los Angeles, California.

_____
Debra A. Smith